780 F.2d 1020
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LAURA V. DeMOTT, Plaintiff-Appellant
v.
TOTAL PETROLEUM, a Michigan corporation; ROSS MARZOLF; TOM
RICHARDS, jointly and severally, Defendants-Appellees
 84-1815
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 
 AFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN and WELLFORD, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In an age discrimination suit, Laura DeMott appeals both the granting of summary judgment to her former employer Total Petroleum, Inc., and its Controller Ross Marzolf and Personnel Director Thomas Richards and the denial of her own motion for partial summary judgment. The appeal involves claimed violations of both the Elliot-Larson Civil Rights Act, Mich. Comp. Laws Ann. Sec. 37.2101-.2804, and the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634, and a common law tort claim for the intentional infliction of emotional distress. In general, each claim was based upon the allegation that DeMott was in effect discharged by being forced to accept early retirement.
 
 
 2
 In 1981 Total reorganized its operations and shifted some of its offices from Alma, Michigan to Denver, Colorado; the Alma facility remained open after reorganization although with a reduced workforce. At age 56, DeMott had been employed as a Cash Analyst at Total for twelve years in Alma, Michigan. She was assured twice that her job would not be affected by the reorganization.
 
 
 3
 As part of the reorganization, Total offered a special voluntary early retirement program to some employees who, because of age and number of years on the job, were already eligible for early retirement under Total's pension plan. DeMott was one of nineteen Alma employees selected to receive the special early retirement offer. Five of those nineteen employees declined the offer and continued to work in their same jobs.
 
 
 4
 DeMott had two meetings with Total management regarding the offer. At the first meeting, she received the offer from Richards and Marzolf in the form of a written Memorandum of Understanding and had a brief discussion of the benefits. DeMott took the Memorandum home and discussed it with her husband. At the second meeting with Richards alone, DeMott asked what she would have for a job if she did not accept the offer. Richards replied, 'We never know, do we?' DeMott replied 'No, we don't,' and mentioned two employees who had been terminated unexpectedly several years earlier. Richards immediately responded that she was unlike one of those employees who was terminated for incompetence. DeMott also met with Total's Benefits Administrator twice before accepting the offer in order to discuss the benefits under the early retirement program.
 
 
 5
 On the day DeMott signed the Memorandum of Understanding accepting the offer, she stated that she was signing under protest and felt that she was being discriminated against. Richards replied that Total would hope that she did not feel that way. The Memorandum that DeMott signed stated that DeMott's decision was 'purely voluntary and he/she recognizes that he/she could continue his/her employment with Company subject to all terms and conditions applicable to Company employees.' It also contained a general release of claims that stated
 
 
 6
 Laura DeMott releases the Company from liability for any claim arising in any way as a result of his/her employment or termination by the Company. He/she will not file any claim with any state or federal agency or lawsuit with any court which in any way makes a claim based on his/her employment, leave of absence, retirement or termination of employment by the Company. Laura DeMott further agrees and states that his/her signing of this agreement is completely voluntary and he/she has not been descriminated against because of his/her race, sex, age, religion, national origin or any other factor prohibited by law.
 
 
 7
 This Court has held that summary judgment may be appropriate in age discrimination claims. Ackerman v. Diamond Shamrock Corp., 670 F.2d 66 (6th Cir. 1982). In this case, DeMott signed a Memorandum of Understanding that stated in clear and unambiguous language that her decision to retire was completely voluntary and that she had not been discriminated against by Total in any illegal manner. The Memorandum, moreover, contained an explicit general release of any employment claim which she might have; this release has not been rescinded. Under these circumstances, the grant of summary judgment to Total was appropriate and we affirm.
 
 
 8
 DeMott also appeals the denial of her motion for partial summary judgment on the issue of liability. She argues that Total did not guarantee her continued employment and thus violated the terms of its own early retirement plan. DeMott claims that based on the Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(f)(2), and the Elliot-Larson Civil Rights Act, Mich. Comp. Laws Ann. Sec. 37.2202(2), any noncompliance with a retirement plan is illegal.
 
 
 9
 The purpose of these subsections is to permit certain age-based employer decisions made in observance of a bona fide plan so long as the plan is not a subterfuge to avoid the age discrimination laws. The subsections act as an exemption from the broad prohibitions of the age discrimination laws. Total did not cite these subsections as an affirmative defense and we do not read the provisions as affording a basis for DeMott's claim for summary judgment.
 
 
 10
 DeMott's claim of intentional infliction of emotional distress is without merit.
 
 
 11
 For reasons stated above, we affirm the district court's decision.